## THOMAS ORBIE RAMBO V. THE STATE.

No. 21185. Delivered November 13, 1940.

The opinion states the case.

*Jimmie MacNicoll* and *Jno. A. Ballowe,* both of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted of the abominable and detestable offense of sodomy for which the jury assessed a penalty of fifteen years in the penitentiary.

A discussion of the few questions raised will not require a summary of the facts but are purely questions of law, which are not aided by an understanding of the testimony.

The first matter for consideration goes to the merits of appellant's motion for a continuance. In form it appears to be meritorious.

After the trial, a motion for a new trial was presented alleging substantially the same grounds that were set out in the motion for a continuance. This was contested by the State. The evidence, if any, heard on the motion is not found in the record and it will be presumed that the court found in favor of the

contest which controverts every issue of fact raised in the motion.

One ground for continuance which was also urged in the motion for new trial was that appellant had employed an attorney who was ill at the time and not able to attend court. The controverting plea says that this attorney has an associate who had long been identified with the case and who appeared in court to represent him; that customarily this associate appeared in court in the trial of cases and took a leading part. The matter was placed before the court and it is not for us to say that he abused his discretion in refusing to continue the case for the absent attorney.

Appellant's defense was that of alibi. He testified in his own behalf and also placed several witnesses on the stand. His testimony, as well as that of his witnesses, made impossible allegations in the motion for a continuance in that he and one of his witnesses testified that they were together and separate from such witnesses for several hours, whereas he alleged in his application that these witnesses would swear that they were all with him during this period of time. Furthermore, one of the witnesses was shown to be a fugitive from justice, the other was his brother-in-law, and all seem to have been associates who could have been subpoenaed and brought to court in a few minutes time had process been secured and information given the sheriff.

In the light of these facts we do not believe he was entitled to a continuance.

The appellant, testifying in his own behalf, voluntarily stated that he was an ex-convict; that he served for a period of four years, eleven months and fifteen days, being released in 1924; that he was convicted for theft of over $50.00 in Ellis County. He also stated he was given two years in the penitentiary from Kaufman County. In his charge the judge instructed the jury that they could consider this only as going to the credibility of the defendant as a witness. No exception was taken to this charge at the time, and the court was asked in the motion for new trial to grant the same because of such charge.

In the first place, the evidence, damaging as it may have been, was voluntarily given by the appellant. No charge was requested on the subject and no objection was made to that which was given. It occurs to us under all the circumstances of the case that the court's act, though not called for, was in-

tended to aid the defendant and certainly could not have injured him. It placed limitation on the consideration they could give to evidence which, without such charge, they may consider for all purposes. It was remote matter which may not be brought against the party on trial, but we know of no circumstances which would warrant this court in reversing a case because the party on trial voluntarily gave evidence detrimental to himself and the court limited the purpose for which the jury might consider it.

The facts of this case as the jury must have found them would hardly appeal to the equitable powers of a court. We see no error in the charge as given.  ·

Finding nothing in the record reflecting error, the judgment of the trial court is affirmed.